Filed 9/22/15  Goldberg v. Humphries CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KAYLA GOLDBERG<br><br>Plaintiff and Appellant,<br><br>v.<br><br>KRIS HUMPHRIES,<br><br>Defendant and Respondent. | B260378<br><br>(Los Angeles County<br>Super. Ct. No. BC491232) |

APPEAL from a judgment of the Superior Court of Los Angeles Country, Gregory Keosian, Judge.  Affirmed.

Hennig Ruiz, Rob Hennig and Brandon Ruiz for Plaintiff and Appellant.

Zelle Hofmann Voelbel & Mason, Lee A. Hutton, III and Eric W. Buetzow for Defendant and Respondent.

_____

The plaintiff in this tort liability case, Kayla Goldberg, appeals from a summary judgment in favor of defendant Kris Humphries. We conclude Goldberg has not raised a triable issue of material fact on her causes of action for battery and negligence and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

Plaintiff and defendant first met at a restaurant on August 31, 2010. They exchanged telephone numbers and made plans to meet later that evening at a nightclub. After meeting at the nightclub, Plaintiff and defendant went to defendant's hotel room and engaged in sexual intercourse in the early hours of September 1, 2010. After plaintiff left defendant's hotel room they did not meet again. Several days later, plaintiff had an outbreak of symptoms and herpes lesions. She tested positive for herpes simplex virus type-1 (HSV 1).

Two years later, on August 29, 2012, plaintiff sued defendant for sexual battery, negligence, and negligent infliction of emotional distress. Plaintiff alleged that defendant transmitted a sexually transmitted disease to her during intercourse on September 1, 2010. On February 3, 2014, the court granted defendant's motion to continue trial and ordered that discovery be re-opened for the limited purpose of allowing plaintiff to take discovery to oppose defendant's motion for summary judgment.

On April 30, 2014, plaintiff moved for an order requiring defendant to submit to a blood test on the ground that the issue of whether defendant is infected with HSV 1 was in controversy and thus subject to discovery. Two days later, on May 1, 2014, defendant moved for summary judgment or in the alternative for summary adjudication based on lack of factual evidence that defendant knew or should have known that he was infected with the herpes virus at the time of the parties' sexual contact.

In opposition to plaintiff's motion for a physical examination, defendant argued that his physical condition was not "'in controversy,'" rather only plaintiff's physical condition was at issue. Defendant maintained that he has not asserted a negative status as to the type of herpes virus that plaintiff contracted (HSV 1), rather he had only responded

2

that, to his knowledge, he "'has not been tested'" for HSV 1.[1] He also contended that plaintiff 's motion for the "forcible extraction of [his] blood and medical testing implicates the fundamental core of [his] right to privacy, as protected by both the California and U.S. Constitutions." Finally, defendant argued that results from an HSV blood test would not be directly relevant to a material issue because even if he tested positive, a positive HSV 1 test in 2014 would not prove that he was infected in 2010 or that he knew or should have known that he was infected in 2010.

The court denied plaintiff 's discovery motion, finding that although defendant had placed his exposure status in controversy when he asserted it as a basis for his motion for summary judgment, plaintiff had not demonstrated either that the test results are directly relevant to a material issue or that there was a compelling need to justify the intrusion into defendant's privacy rights.

In his motion for summary judgment, defendant cited plaintiff 's testimony at deposition that she had no factual evidence showing that defendant knew or should have known that he had the herpes virus before being intimate with her. Defendant also offered his own deposition testimony that he never had symptoms of the herpes virus, never had tested positive for it, and had no reason to know of any alleged infection.

In her opposition to defendant's motion for summary judgment, plaintiff relied largely on defendant's refusal to be tested for HSV 1, arguing that she could not prove her claims because she could not prove he has HSV 1. Plaintiff also offered declaration statements made by Dr. Harry F. Hull, her expert witness, explaining that because her symptoms occurred four to five days after having sex with defendant, he is the most probable source of her genital herpes infection. Additionally, plaintiff included in her separate statement of undisputed material facts the fact that defendant had been accused of transmitting herpes to another woman. Plaintiff cited defendant's response to Special Interrogatories (Set Two) No. 17 as support for this fact. However, in his response to the

---

[1] There are two types of herpes viruses, HSV 1 and HSV 2. Defendant has provided, under seal, a record of his HSV 2 test results. Both parties concede that the results of defendant's HSV 2 test are not relevant as to whether defendant has HSV 1.

interrogatory, defendant stated the other woman "alleged that [defendant] transmitted herpes after the [plaintiff's] allegation" and that "[the other woman] withdrew her allegations stating it was a false report."

At the hearing on defendant's motion for summary judgment, the court found plaintiff had failed to offer evidence that defendant knew or should have known that he was infected with the herpes virus at the time of the parties' sexual contact. The court explained that plaintiff "relies on the fact that she tested positive with a primary infection shortly after her encounter with [d]efendant and that she did not have any prior symptoms of infection. *This evidence still does not bear on whether [d]efendant breached a duty, which requires that he have facts or knowledge that he was infected prior to contact.*" (Emphasis in the original.) Defendant's motion for summary judgment was granted and judgment was entered in his favor.

This timely appeal followed.

## DISCUSSION

### I

We review the trial court's ruling on a motion for summary judgment de novo, viewing the evidence in the light most favorable to the opposing party. (*Shin v. Ahn* (2007) 42 Cal.4th 482, 499.) We consider all of the evidence offered by the parties in connection with the motion, except that which the court properly excluded. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A moving defendant meets its burden by showing that an essential element of a cause of action cannot be established, or by establishing a complete defense to the cause of action. The burden then shifts to the plaintiff to show that a triable issue of material fact exists as to the cause of action or defense. (*Id.* at subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.)

4

Defendant has met his burden by showing that an essential element of plaintiff's battery and negligence claim cannot be established.  Claims for transmission of a sexually transmitted disease require a showing that the defendant knew or should have known that defendant was infected with the disease.  (*John B. v. Superior Court* (2006) 38 Cal.4th 1177, 1194; *Behr v. Redmond* (2011) 193 Cal.App.4th 517, 525.)  In support of his motion for summary judgment, defendant offered plaintiff's deposition testimony that she had no evidence defendant knew or should have known about the alleged herpes condition:  she did not have any information, reports, documents, e-mails, texts or other evidence that could show defendant knew or should have known that he had the herpes virus before being intimate with her; and during her interactions with him on August 31 and September 1, 2010, plaintiff did not see anything on defendant's mouth or genitals that resembled symptoms of the herpes virus.  Defendant also offered his own deposition testimony that he never has had symptoms of the herpes virus, never tested positive for it, and had no other reason to know of any alleged infection.

The burden then shifted to plaintiff to show that a triable issue of material fact existed as to her causes of action.  Plaintiff relied largely on her contention that defendant sought "to use privacy as both a sword and a shield" in that he first refused "to be tested for herpes simplex virus type-1, and now claims that [plaintiff] cannot prove her claims because she cannot prove that [defendant] had herpes . . . ."  Plaintiff also offered Dr. Hull's declaration statement that she had been diagnosed with a primary herpes simplex infection seven days after her sexual encounter with defendant and that a "diagnosis of a primary [h]erpes simplex infection indicates that the infection is most likely a new infection rather than a newly-recognized infection which the patient has had for some time."  Additionally, plaintiff included Dr. Hull's declaration statement that "[w]ith the onset of [plaintiff's] symptoms 4-5 days after having sex with [defendant] and her having no other sexual partners during the relevant time period, [defendant] is the most probable source of [plaintiff's] genital herpes infection."

Even viewing this evidence in the light most favorable to plaintiff, it fails to raise a triable issue of material fact as to whether defendant knew or should have known he was

5

infected with herpes when he had sexual relations with plaintiff. Plaintiff admits in her separate statement of facts in opposition to defendant's motion that "[h]erpes simplex virus can be transmitted from an infected person to their sexual partner even when the infected person has no symptoms." Dr. Hull's declaration states that HSV "remains in the body even though the infected person has no symptoms" and that "[t]ransmission of genital herpes occurs most often from a person who does not have a visible sore."

For the first time, in her reply brief, plaintiff argued that because defendant knew of the high prevalence of HSV 1 infection in adults (in his respondent's brief, defendant cited an HSV 1 statistic that was listed on the Centers for Disease Control and Prevention's website) he was bound to know it was more probable than not that he was infected with HSV 1. Plaintiff argued that "[g]iven the high prevalence of HSV-1 in the adult population, public health considerations weigh heavily in favor of assuming that infection of HSV-1 is a very serious and realistic possibility in any sexual encounter and that *every* sexually active adult [] *should* take steps to minimize infection of HSV-1 in sexual activity, particularly in genital contact." (Emphasis in the original.) Based on this, at oral argument, plainitiff asked we declare a rule that a sexually active person has a duty to be tested for sexually transmitted diseases and that if a sexually active person does not test, then a presumption of per se negligence should apply. "Failure to raise specific challenges in the trial court forfeits the claim on appeal." (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564; see also *Santantonio v. Westinghouse Broadcasting Co.* (1994) 25 Cal.App.4th 102, 113 [points raised by appellant for the first time during oral argument were waived because they were not raised in the trial court].) Because plaintiff did not raise this theory below or in her opening brief, the theory is not cognizable on appeal.

Summary judgment for defendant was properly granted because plaintiff has not raised a triable issue of material fact regarding defendant's knowledge (actual or constructive).

6

## II

Plaintiff also contends the trial court erred in denying her motion for an order requiring defendant to submit to a physical examination by way of a blood test. According to plaintiff, this ruling prevented her from obtaining the evidence she needs to prove her claims.

"We review a trial court's discovery orders for an abuse of discretion. ""The trial court's determination will be set aside only when it has been demonstrated that there was "no legal justification" for the order granting or denying the discovery in question."' [Citation.]' [Citation.] Moreover, when a plaintiff does not seek writ review of the trial court's discovery rulings and instead appeals from the judgment, he or she must 'show not only that the trial court erred, but also that the error was prejudicial'; i.e., the plaintiff must show that it is reasonably probable the ultimate outcome would have been more favorable to the plaintiff had the trial court not erred in the discovery rulings. [Citation.]" *(MacQuiddy v. Mercedes-Benz USA, LLC* (2015) 233 Cal.App.4th 1036, 1045.)

Here, we need not decide if the trial court's discovery ruling was an abuse of discretion because, even if it was, plaintiff has failed to demonstrate that had the trial court granted her motion for physical examination of defendant, the outcome of the court's ruling on summary judgment would have been different. As we have discussed, even if a blood test established that defendant was infected with HSV 1, plaintiff still failed to present evidence that would support a requisite element of her claims for transmission of a sexually transmitted disease: that defendant knew or should have known that he had herpes before having sexual intercourse with her in 2010.

7

**DISPOSITION**

The judgment is affirmed.  Defendant is entitled to his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


                                        EPSTEIN, P. J.


We concur:


WILLHITE, J.


MANELLA, J.