**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR MONTANO, an individual, | No.    15-56602 |
| Plaintiff-Appellee, | D.C. No. 2:12-cv-03462-FMO-AGR |
| v. | |
| BONNIE BRAE CONVALESCENT HOSPITAL, INC., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted April 3, 2017[**]
Pasadena, California

Before:  BEA and OWENS, Circuit Judges, and CHHABRIA,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

Hector Montano brought a disability discrimination lawsuit against Bonnie Brae Convalescent Hospital, a skilled nursing facility at which Montano is a full-time resident. He won, and the district court awarded him $173,158.90 in attorneys' fees. Bonnie Brae appeals the fee award. We affirm.

1. The district court did not abuse its discretion in concluding that the 465 hours billed by Montano's law firm were reasonable given the tasks performed and the results obtained. *See Wysinger v. Auto. Club of S. Cal.*, 157 Cal. App. 4th 413, 430-31 (2007). This is so notwithstanding the fact that Bonnie Brae's counsel billed fewer hours than Montano's lawyers. *See Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1287 (9th Cir. 2004) ("[N]umerous factors can cause the prevailing party to have spent more time than the losing party[.]"). And Bonnie Brae's two examples of "exaggerated" billing entries were not cause for the district court to make an across-the-board reduction—the objections lacked specificity and did not, in any event, speak to the other billing entries. *See Roos v. Honeywell Int'l, Inc.*, 241 Cal. App. 4th 1472, 1494-95 (2015); *Avikian v. WTC Fin. Corp.*, 98 Cal. App. 4th 1108, 1119 (2002); *see also Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guar. Ass'n*, 163 Cal. App. 4th 550, 564 (2008) ("General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice.").

2. The district court did not abuse its discretion in concluding that the rates charged by Montano's lawyers—between $350 and $500 per hour—were reasonable in light of the lawyers' training and experience, as well as evidence before the court showing comparable or higher rates typically billed in civil rights cases in Southern California. *See PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095-96 (2000); *see also Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1116-18 (C.D. Cal. 2012) (in ADA case, approving rates between $375 and $695 for attorneys in Southern California with comparable years of experience). Nor was the district court required to reduce the hourly rates based on the lower rate charged by Bonnie Brae's lawyer, because defense counsel's rate is not the benchmark for a reasonable hourly rate. *PLCM Grp.*, 22 Cal. 4th at 1095 ("The reasonable hourly rate is that prevailing in the community for similar work.").

**AFFIRMED**.