Filed 1/24/23  City of Santa Ana v. Yuh CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CITY OF SANTA ANA,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LUNDAR YUH,<br><br>    Defendant and Appellant. | G060889<br><br>(Super. Ct. No. 30-2017-00955499)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Westen Law and Tin Westen for Defendant and Appellant.

Ring Bender, Patrick K. Bobko; Sonia R. Carvalho, City Attorney, and Kyle Nellesen, Assistant City Attorney for Plaintiff and Respondent.

\*          \*          \*

Defendant Lundar Yuh challenges the trial court's postjudgment award of attorney fees against him and in favor of plaintiff, the City of Santa Ana. Defendant argues the trial court erred by permitting plaintiff to bring two separate attorney fee motions, one for each of the two firms that represented plaintiff during the proceedings, and by awarding excessive fees. We conclude plaintiff suffered no prejudice from any procedural irregularity and there was no abuse of discretion in the amount of fees awarded. Accordingly, we affirm.

FACTS AND PROCEDURAL HISTORY

Defendant was the lessee of a commercial property located in Santa Ana, California, from which defendant operated two illegal marijuana dispensaries. Plaintiff filed a petition against defendant and others seeking abatement of the property as a nuisance. The matter was tried in two phases, with judgment ultimately entered in plaintiff's favor and against defendant. The judgment enjoined the use of the property for any purpose relating to marijuana and awarded abatement costs of $19,999.62 to plaintiff from defendant.

Plaintiff then filed a motion for attorney fees. The motion was brought by the Ring Bender firm and sought $160,625 in fees (the "Ring Bender motion"). Plaintiff's former counsel, the Jones & Mayer firm, which had represented plaintiff at earlier phases of the litigation (albeit not at trial) filed a second motion for attorney fees on plaintiff's behalf, seeking an additional $207,990 (the "Jones & Mayer motion"). Both motions were supported by declarations and attorney billing records.

Defendant opposed the motions, arguing plaintiff's fees were excessive in light of the low dollar amount of the judgment and that the second motion was barred by Code of Civil Procedure section 128.7, subdivision (a).[1] The trial court granted the

---

[1] All further statutory references are the Code of Civil Procedure.

motions and allowed an additional $2,170 requested by the Ring Bender firm for supplemental briefing, but reduced the Ring Bender fees by $12,108 and the Jones & Mayer fees by $17,775, for a total award of $358,133.56. Defendant timely appealed.

## DISCUSSION

On appeal, defendant raises two arguments: (1) the Jones & Mayer motion was improper because it was brought by Jones & Mayer, a nonparty which did not represent plaintiff at the time of the motion; and (2) the amount of fees awarded was excessive.

Defendant's first argument is based on section 128.7, subdivision (a), which requires any "pleading, petition, written notice of motion, or other similar paper" filed in an action to "be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, . . . by the party." The principal purpose of section 128.7 is to ensure motions, pleadings, or petitions are not filed "primarily for an improper purpose," that their legal contentions are "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and "factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." (§ 128.7, subd. (b).) It is not at all clear to us that section 128.7 was intended to govern who has standing to make requests of the court in a civil action, and defendant cites no authority applying section 128.7 in this manner.

Regardless, we need not even reach the merits of this question. Article VI, section 13 of the California Constitution prohibits us from reversing the trial court's judgment based on "any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." Defendant suggests the proper

3

procedure was for plaintiff to include the fees requested in the Jones & Mayer motion within the Ring Bender motion but does not suggest how following this procedure would have made it easier for defendant to respond to the motion. In fact, Defendant fails to identify *any* tangible prejudice or harm he suffered from this alleged procedural defect. Accordingly, it cannot be a basis for reversal.

We evaluate defendant's second argument, that the amount of fees awarded was excessive, under the abuse of discretion standard. (*Karton v. Ari Design & Construction, Inc.* (2021) 61 Cal.App.5th 734, 743.) "An experienced trial judge is in the best position to evaluate the value of professional services rendered in the trial court. We presume the fee approved by the trial court is reasonable. We will not disturb the trial court's judgment unless it is clearly wrong. The burden is on the objector to show error." (*Ibid*.)

Defendant falls well short of meeting this burden. First, defendant argues plaintiff incurred unnecessary additional fees by switching attorneys just before trial. But, as the trial court pointed out, and as remains true in defendant's briefing before this court, defendant fails to identify any particular line item or portion of the bills where these unnecessary additional fees can be found. Defendant's failure to do so is fatal to his argument on this point; "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564.)

Second, defendant argues plaintiff obtained abatement warrants relatively early in the litigation process, which defendant contends "effectively resolved" the nuisance. Much of the fees were incurred after this point, in litigation defendant argues was unnecessary. Plaintiff counters that obtaining these warrants did not fully and finally resolve the problem, and that it was entitled to pursue a permanent injunction controlling the use of the property. Defendant argued in the trial court he had offered, early in the case, to stipulate to a permanent injunction, but provided no evidence to support this

4

contention, and has not pursued this argument on appeal. In the absence of any evidence demonstrating the duplicative or unnecessary nature of the litigation, we cannot conclude the trial court abused its discretion.

## DISPOSITION

The postjudgment order is affirmed. Plaintiff shall recover costs on appeal.


SANCHEZ, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.