Filed 12/15/23  Kaur v. Pabla CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| JASWINDER KAUR et al., | F085505 |
| Plaintiffs and Appellants, | (Super. Ct. No. 20CV-03476) |
| v. | |
| GURJIT PABLA et al., | **OPINION** |
| Defendants and Respondents. | |

### THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Brian L. McCabe, Judge.

HBG Law and Harry B. Gill for Plaintiffs and Appellants Jaswinder Kaur and Parkash Pabla.

Law Office of Sandra Kuhn McCormack and Sandra Kuhn McCormack for Defendant and Respondent ECP, LP.

-ooOoo-

---

[*]     Before Franson, Acting P. J., Smith, J. and Snauffer, J.

This appeal follows the dismissal of a cross-complaint and the award of attorney's fees. Appellants Jaswinder Kaur and Parkash Pabla, who were the successful parties, now challenge the amount of fees awarded by the trial court. We affirm the court's award of attorney's fees.

## BACKGROUND

A cross-complaint was filed on March 15, 2022, by respondent ECP, LP (ECP), alleging Kaur and Pabla committed a slander on title, and intentionally interfered with business relationships. The cross-complaint was filed in an action brought by Kaur and Pabla against ECP to set aside a trustee's sale of property allegedly based on the use of a forged promissory note and deed of trust, which included a lis pendens. ECP was the purchaser of the subject property at the trustee's sale.

On April 8, 2022, Kaur and Pabla filed a notice of their special motion to strike the cross-complaint (anti-SLAPP), without leave to amend, pursuant to Code of Civil Procedure section 425.16.[1] On May 20, 2022, the trial court granted Kaur and Pabla's motion to strike and dismissed the cross-complaint.

Thereafter, on July 19, 2022, Kaur and Pabla filed a motion to recover reasonable attorney's fees and costs as the prevailing parties on the special motion to strike. The motion was supported by a memorandum of points and authorities, a declaration from Harry B. Gill, Kaur and Pabla's attorney, and a "[c]ompendium of [e]xhibits." The exhibits included a copy of the cross-complaint and Gill's "Curriculum Vitae." In his declaration, Gill noted his hourly rate for the representation he provided in this case was $650. Gill then detailed over nine pages how he spent his time researching and preparing

---

[1] All further statutory citations are to the Code of Civil Procedure.

the special motion to strike, resulting in a request on behalf of Kaur and Pabla of $62,367.50[2] for attorney's fees, and $60 for costs.

An opposition to this motion was submitted by ECP, challenging the reasonableness of the amount of fees requested on behalf of Kaur and Pabla. In addition to the memorandum of points and authorities, the opposition was supported by a declaration from ECP's attorney, Sandra Kuhn McCormack. In this declaration, McCormack described her experience practicing in parts of the San Joaquin Valley region, and stated her hourly rate was $350. McCormack noted that she billed only $3,500 for her opposition to the special motion to strike. McCormack's declaration also contained three separate declarations from attorneys that questioned the depth of Mr. Gill's participation in the case, the reasonableness of his fee request in Merced and similar counties, and the average amount of time a special motion to strike should take for an experienced attorney to prepare. Attached to one of these declarations were examples of other requests for attorney's fees filed in other actions in Merced County, which listed fees at somewhere between $290 and $490, with most in the $300 to $350 range. A reply to this opposition was submitted on behalf of Kaur and Pabla on August 30, 2022, which contained not only legal arguments, but also objections to the evidence submitted on behalf of ECP in their opposition to the request for attorney's fees.

Following the posting of a tentative ruling, and a request for oral argument, a hearing was held on September 7, 2022.[3] During the hearing, the trial court initially expressed its belief that a reasonable fee would equal $4,000 in Merced County. The court also noted that hourly rates did not normally exceed $300 in the county. However,

---

**2**     In his declaration, Gill never provided an overall total for the hours he spent on the motion, relying instead on a breakdown of each task. However, after dividing $650 into the $62,367.50 total, he appears to have spent somewhere between 95 and 96 hours on the special motion to strike.

**3**     We have not been provided a copy of the tentative ruling.

3

at the end of the hearing, the court awarded Kaur and Pabla $6,500 for attorney's fees related to the special motion to strike. A formal order was signed documenting this award on December 2, 2023. No award of costs was mentioned in either the hearing or in the order, and neither contained any rulings on the evidentiary objections submitted on behalf of Kaur and Pabla.[4]

## DISCUSSION

Again, the focus of this appeal is on the amount of attorney's fees awarded by the trial court. "An order granting or denying a special motion to strike shall be appealable under [s]ection 904.1." (§ 425.16, subd. (i).)

### I.     The Reasonableness of the Award of Attorney's Fees

### A.     The Legal Standard

Under section 425.16, subdivision (b)(1):

> "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

If the party bringing this motion prevails, that party is entitled to recover the reasonable attorney's fees and costs incurred in pursuing the motion. (§ 425.16, subd. (c).) This particular motion to strike is commonly referred to as an anti-SLAPP motion. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131 (*Ketchum*).)

Over many years, our courts have addressed how to calculate what is considered a reasonable request for attorney's fees. In the *Ketchum* case, the Supreme Court discussed the history of how the law on this issue was developed and concluded that the "touchstone or lodestar figure [is] based on [a] 'careful compilation of the time spent and

---

[4]     The failure to obtain a ruling on an objection made in the trial court will result in a forfeiture of the argument on appeal. (See *People v. Valdez* (2012) 55 Cal.4th 82, 122.)

4

reasonable hourly compensation of each attorney … involved in the presentation of the case.' " (*Ketchum*, *supra*, 24 Cal.4th at pp. 1131–1132.)  Among the factors that will be considered are "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." (*Id*. at p. 1132.)  The goal is to "fix a fee at the fair market value for the particular action." (*Ibid*.)  Case law has held the trial court judge is in the best position to assess what is a reasonable fee in the community where the request is made.  (*Ibid*.)

While a defendant who brings a successful anti-SLAPP motion to strike is entitled to attorney's fees, those fees must be reasonable, not necessarily consisting of the entire amount requested by the moving party.  (*569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 433.)  The party making the request for fees bears the burden of proving the request is reasonable.  (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1320.)  Once fees and costs are awarded, any challenge of that award on appeal is reviewed using an abuse of discretion standard. (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 556, citing *Ketchum*, *supra*, 24 Cal.4th 1122.)  An abuse of discretion will only be found when " ' "the trial court exceed[s] the bounds of reason" ' when making its award of attorney fees." (*Premier Medical*, at p. 557.)

### B.    Application of This Standard to the Award of Fees

Based on the record before this court, we cannot conclude the trial court exceeded any bounds of reason when calculating the award of attorney's fees for Kaur and Pabla. When issuing its ruling, the court stated:

> "All right.  So the [c]ourt is going to set it at [$]6500, which is in our case would be—see, that's almost 20 hours of work in this kind of—this county.  The [C]entral [V]alley is charging never much more than

5

300 dollars an hour.  So you guys are still getting a bonus.  We'll set it at $6500, which is equivalent of 20 hours."

The record contains evidence provided on behalf of ECP that an hourly rate of $650 in Merced County was not common for the type of motion prepared in this case. Specifically, the record shows attorney's fees in Merced County for similar types of motions fall somewhere between $290 and $490 per hour, with most in the $300 to $350 per hour range.  The record also contains opinion evidence by attorneys in the community that the time spent on the motion by Gill was excessive.[5]  In fact, the attorney for ECP stated in her declaration that she spent only 10 hours preparing her opposition to the special motion to strike.

We conclude the award of $6,500 was an entirely reasonable award for attorney's fees incurred for the preparation of this motion and did not constitute an abuse of discretion.

## DISPOSITION

The order awarding attorney's fees in this matter is affirmed.  Each party shall bear their own costs on appeal.

---

[5]     Again, by dividing $650 into the $62,367.50 requested, Gill is representing he spent 95 to 96 hours to prepare the anti-SLAPP motion to strike.