Filed 8/30/16  Salameh v. 5th and K Master Assn. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| TAMER SALAMEH et al.,<br><br>    Cross-complainants and Appellants,<br><br>v.<br><br>5TH AND K MASTER ASSOCIATION,<br>INC. et al.,<br><br>    Cross-defendants and Respondents. | D067232<br><br><br><br>(Super. Ct. No. 37-2010-00094424-<br> CU-OR-CTL) |

APPEALS from a judgment and order of the Superior Court of San Diego County, Joel M. Pressman, Judge.  Affirmed.

Aguirre & Severson, Michael J. Aguirre, Maria C. Severson; Stris & Maher and Peter K. Stris for Cross-Complainants and Appellants.

Lewis Brisbois Bisgaard & Smith, Charles S. Haughey, Jr., Raul L. Martinez, Esther P. Holm and Eric Kizirian for Cross-defendants and Respondents 5th & K Master Association, Inc., 5th & K Parcel 1 Owners' Association, Inc., 5th & K Parcel 2 Owners'

Association, Inc., 5th & K Parcel 3 Owners' Association, Inc., Bhavesh Patel, Ron Adelhelm and Renee Molloy.

Cox, Castle & Nicholson, Frederick H. Kranz and Lynn T. Galuppo for Cross-defendants and Respondents Tarsadia Hotels, 5th Rock, LLC, MKP One, LLC, MSP One, LLC, Gaslamp Holdings, LLC, T-12 Three, LLC, Evolution Hospitality, LLC, Tarsadia Investments, LLC, and T-2 Development, LLC.

Cross-complainants, who are owners of condominium guestrooms in the Hard Rock Hotel San Diego (Hotel), appeal an attorney fee award of $3,524,959.00 to a group of nine cross-defendants (collectively, Tarsadia)[1] and another attorney fee award of $1,377,172.32 to a different group of seven cross-defendants (collectively, the Association)[2] following entry of judgment on the pleadings in cross-defendants' favor. Cross-complainants contend that the awarded fees are not reasonable in relation to the results achieved by cross-defendants, cross-defendants' attorneys billed an excessive number of hours, and the trial court failed to scrutinize the attorneys' hourly rates. We reject these contentions and affirm.

---

[1]　The Tarsadia cross-defendants are Tarsadia Hotels, 5th Rock, LLC, MKP One, LLC, MSP One, LLC, Gaslamp Holdings, LLC, T-12 Three, LLC, Evolution Hospitality, LLC, Tarsadia Investments, LLC, and T-2 Development, LLC.  Throughout the case, they have been represented by the law firm Cox, Castle & Nicholson.

[2]　The Association cross-defendants are 5th & K Master Association, Inc., 5th & K Parcel 1 Owners' Association, Inc., 5th & K Parcel 2 Owners' Association, Inc., 5th & K Parcel 3 Owners' Association, Inc., Bhavesh Patel, Ron Adelhelm and Renee Molloy. Throughout the case, they have been principally represented by the law firm Lewis Brisbois Bisgaard & Smith (Lewis Brisbois).

2

FACTUAL AND PROCEDURAL BACKGROUND

In March 2014, after over three years of litigation, cross-defendants obtained judgment on the pleadings with respect to a third amended cross-complaint (TACC). (*Salameh et al. v. 5th and K Master Association, Inc. et al.* (Sept. 23, 2015, D066096) [nonpub. opn.] (*Salameh I*).)  Subsequently, Tarsadia and the Association each moved for an award of attorney fees under (1) Civil Code section 1717, (2) Code of Civil Procedure sections 1021, 1032, and 1033.5, and (3) the contracts at issue, including the parties' purchase/sale contracts and rental management agreements.  Cross-defendants argued that they were entitled to attorney fees as the prevailing party under the relevant contractual and statutory provisions, and that the amounts of fees requested were reasonable based on the lodestar calculation, counsel's necessarily incurred time and market rates, the nature of the litigation and amount at issue, the difficulty in handling and resolving the dispute, and the result obtained.

As to the initial lodestar figure, cross-defendants multiplied the number of hours spent by each of their attorneys and paralegals by each person's negotiated hourly rate. Tarsadia's counsel spent approximately 8,300 hours on the case and the Association's counsel spent approximately 6,400 hours.  A mix of partners, associates, and paralegals billed these hours at various hourly rates.  As for the nature of the case, cross-complainants filed their original cross-complaints in 2011 as putative class actions, including fraud and unfair competition claims, asserting that cross-defendants had

3

overcharged them for the management and maintenance of their Hotel units.[3] Cross-complainants sought more than $45 million in fees collected by Tarsadia under rental management agreements, more than $19 million in assessments collected by the Association, and an undetermined amount of punitive damages. After over three years of extensive motion practice, discovery, depositions, discovery disputes, class certification, and class notice, the cross-claims resolved entirely in cross-defendants' favor.[4]

Tarsadia presented the redacted monthly billing statements of its counsel, reflecting entries for each team member by task rounded to tenths of an hour, the person's billing rate, and total fees incurred. Tarsadia also submitted the declaration of its counsel, Frederick H. Kranz, a partner at Cox, Castle & Nicholson. In addition to attesting to some of the foregoing matters, Kranz averred to his principal role in representing Tarsadia, the roles of the other professionals he selected to work on the matter at lower billing rates, the consistency of their hourly rates with those charged by other similar law firms handling similar work in Southern California, and the fact that Tarsadia had paid his firm's bills at the listed rates throughout the litigation. The attorneys' hourly rates varied based on seniority and experience, from $360 for associates up to $615 for the lead partner. Kranz further declared that the billing statements

---

[3]    Cross-complainants filed their cross-complaints in response to the homeowners' associations' collection actions for allegedly unpaid assessments. The court consolidated the cases and stayed the collection actions until the cross-complaints could be resolved.

[4]    This court summarized a portion of these proceedings in *Salameh I*, and noted that cross-complainants filed the TACC to conform to their most recent legal theories.

4

reflected reductions totaling $219,375.25 for duplicative or discounted work, which Tarsadia was not requesting as part of its award.[5]

The Association presented similarly detailed, redacted monthly billing records of its counsel, as well as the declaration of Charles S. Haughey, Jr., a partner at Lewis Brisbois, and Craig L. Combs, an attorney at Wasserman Kornheiser.[6] Like Kranz, Haughey substantiated the fees his firm was requesting, attesting to the number of hours spent by each member of his firm, the staffing structure and rates charged by each person, the consistency of those rates with other major firms handling similar litigation in Southern California, and that Lewis Brisbois had charged the contract rates that it had previously negotiated with the Association's insurer. Lewis Brisbois charged flat hourly rates of $230 for its senior partners and $175 for its senior associates.

Through their counsel's declarations and numerous lodged documents, Tarsadia and the Association recounted in substantial detail cross-complainants' factual and legal allegations and the lengthy procedural history of the case, which they maintained

---

[5] The record indicates that Tarsadia may have requested $3,529,459 in attorney fees, yet the trial court awarded $3,529,959 in its tentative ruling issued to the parties, confirmed as its final order after a hearing on the motions. Cross-complainants have not raised this possible typographical error, and thus, have forfeited the issue. (See *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 (*Premier Medical*).)

[6] Wasserman Kornheiser LLP maintains a niche practice representing hundreds of common interest development associations, serves as the Association's general counsel, prosecuted the Association's collection actions, and also performed work in defending against the cross-complaints. Combs declared that his $200 hourly rate was reasonable in light of his specialized practice, that his firm's bills are directly reimbursed by the Association, and that the Association's request of $58,591 for fees incurred by his firm related solely to defending against the cross-complaints.

necessitated the number of attorney hours expended. Tarsadia and the Association indicated that the class action nature of the case had amplified the demands on counsel's time. For example, they described how cross-complainants had served hundreds of discovery requests, and that in order to respond, cross-defendants were required to collect and produce an enormous volume of documents. In addition, there were 57 depositions that continued over 73 days or sessions. Further, there were a number of discovery disputes. Cross-defendants explained that another complication arose when cross-complainants shifted their legal theories at the class certification stage, and the altered legal theories led to the TACC's filing and motions for judgment on the pleadings. Tarsadia and the Association argued that all of their fees were reasonably necessary for the defense of the case, given their significant risk exposure, the complex factual background and shifting legal theories, and the manner in which cross-complainants litigated the case.

In opposition, cross-complainants asserted that they had "prevailed" on a number of motions before cross-defendants ultimately prevailed on their motions for judgment on the pleadings, and further contended that cross-defendants' counsel had spent time on matters that were not reasonably necessary to the litigation. Cross-complainants argued that cross-defendants had taken unnecessary depositions, including those of a married couple and their 16-year-old daughter,[7] and that the successful motions for judgment on the pleadings could and should have been brought at an earlier point in the litigation.

---

[7]    Cross-complainants did not identify the deponents by their names.

6

Without summarizing or attaching any deposition transcripts, cross-complainants' counsel, Maria C. Severson, summarily averred that the depositions taken were unnecessary. Cross-complainants raised no objection to Tarsadia's and the Association's being represented by different law firms, did not challenge any hourly rates, and failed to identify any particular time entries or amounts that should be stricken. Instead, they merely urged the court to globally reduce the amounts of the requested fees.

In reply, cross-defendants maintained that they were the "prevailing party," having obtained a complete dismissal of the action in their favor, and pointed out that cross-complainants had not challenged any of the billing entries or hourly rates used to calculate the lodestar figure. They reiterated the hard-fought and aggressive nature of the litigation and stated that the successful motions for judgment on the pleadings could not have been filed earlier. Tarsadia submitted an additional declaration of its counsel, Lynn T. Galuppo, who explained that (1) cross-defendants had taken the depositions of only 12 witnesses, nine of whom were named parties, to develop facts and arguments for their substantive defenses and opposition to class certification; and (2) it was necessary to depose a cross-complainant's daughter because the cross-complainant was not fluent in English and he testified that his daughter had also heard the sales representations made to him.

In October 2014, the trial court granted the attorney fee motions, finding that cross-defendants were entitled to attorney fees under the contracts at issue and that detailed evidence supported the reasonableness of the fees requested. The court noted that cross-complainants had not shown that any particular amounts billed were

7

unreasonable, that their arguments were conclusory and devoid of factual support, and that they had failed to present rebuttal evidence pertaining to the reasonableness of the hours or rates. Further, the court rejected cross-complainants' argument that the depositions taken were unnecessary, observing that cross-complainants had taken a large majority of the depositions in the case and had not established that the "daughter's" deposition was not needed.

DISCUSSION

I.  *Legal Principles and Standard of Review*

Cross-complainants do not contest that relevant contractual and statutory provisions authorized an award of attorney fees in this case. (See, e.g., Code Civ. Proc., § 1021 [parties may agree to "the measure and mode of compensation" for attorneys].) However, they challenge the reasonableness of the attorney fees awarded. Reasonable attorney fees authorized by contract shall be awarded to the prevailing party as "fixed by the court." (Civ. Code, § 1717.) "The trial court has broad discretion to determine the amount of a reasonable fee, and the award of such fees is governed by equitable principles." (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 92.)

The fee setting inquiry in California typically begins with the lodestar, i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 (*PLCM*).) The reasonable hourly rate is that prevailing in the community for similar work. (*Ibid.*) The lodestar figure may then be adjusted up or down to arrive at the fair market value for the legal services provided, based on the trial court's consideration of factors " 'including the nature of the

8

litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.' " (*Id.* at p. 1096; see also *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 154 (*Graciano*).)

This court reviews an order granting or denying attorney fees for abuse of discretion. (*PLCM, supra,* 22 Cal.4th at p.1095; *Graciano, supra,* 144 Cal.App.4th at p. 148.) "The 'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.' " (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49; *PLCM, supra,* at p. 1095.)

II.      *The Trial Court Did Not Abuse its Discretion in Determining Cross-defendants'*
         *Attorney Fee Award*

According to cross-complainants, the trial court abused its discretion in determining the attorney fee awards, improperly shifted the burden of proof, and did not require cross-defendants to demonstrate the reasonableness of their requested fees. We reject these arguments. The court used a proper standard in calculating the award—it took the number of hours expended by counsel multiplied by their hourly rates, which it determined to be the prevailing market rate for comparable legal services. (*PLCM, supra*, 22 Cal.4th at p. 1096.) The court relied on cross-defendants' unrefuted evidence, including detailed billing records and attorney declarations, which provided the court with a sufficient basis to determine prevailing hourly rates and "whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the

9

hours were reasonably expended." (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1320.) Under the circumstances, cross-defendants met their burden to demonstrate the reasonableness of their requested fees, and cross-complainants failed to show otherwise by "point[ing] to the specific items challenged, with a sufficient argument and citations to the evidence." (*Premier Medical, supra,* 163 Cal.App.4th at p. 564.) We examine each of cross-complainants' specific contentions below.

Cross-complainants first contend that the fee award was not reasonable in relation to the results achieved. In that regard, they divide the case into two segments: before cross-complainants agreed to file the TACC (November 6, 2013) and after that date. They argue that they "prevailed" during the earlier segment of the case and therefore, that cross-defendants should not recover fees for work performed during that time.

The trial court did not abuse its discretion by declining to reduce fees based on the parties' success or failure on particular motions filed during the pendency of the litigation. A "prevailing party" includes a cross-defendant "in whose favor a dismissal is entered." (Code Civ. Proc., § 1032, subd. (a)(4).) Prevailing parties should ordinarily be "fully compensat[ed]" for their reasonable attorney fees incurred in litigating an action to a successful conclusion. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1133 (*Ketchum*); see *Hsu v. Abbara* (1995) 9 Cal.4th 863, 877 [defendant that obtained an unqualified victory on a contract claim was entitled to recover its attorney fees "incurred in defense of that claim"].) Moreover, "there is no requirement that the trial court make an award of attorney fees in an amount that is commensurate with or in proportion to the degree of success in the . . . litigation." (*Bernardi v. County of Monterey* (2008) 167 Cal.App.4th

10

1379, 1398.) Accordingly, cross-defendants were entitled to all of their reasonably incurred defensive fees, and the trial court was not obligated to reduce fees based on the results of particular motions. Rather, the court could properly consider the reasonableness of their fees in relation to their overall success of prevailing on all of the asserted cross-claims.

Second, cross-complainants contend that Tarsadia and the Association overstaffed the case, that they unnecessarily used two different law firms, and that their attorneys billed an excessive number of hours. Cross-complainants' unsupported assertion that cross-defendants "overstaffed" the case fails to establish an abuse of the trial court's discretion. (*Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1375.) A party challenging an attorney fee award must present specific arguments and evidence to support its claims. (E.g., *Premier Medical, supra,* 163 Cal.App.4th at pp. 561-562.) However, cross-complainants have not provided any examples of inefficient or duplicative work. Instead, they make conclusory allegations that this occurred. We have no basis to conclude that the attorneys performed inefficiently or billed for duplicative work. We may reasonably infer that the trial court found no inefficiency after properly considering counsel's declarations and billing records and the lack of any specific challenge by cross-complainants. (See *Ketchum, supra,* 24 Cal.4th at p. 1140 [" ' "[a]ll intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent " ' "].) Indeed, the court justifiably resolved the issue of allegedly unnecessary depositions in cross-defendants' favor since the available evidence showed that they took a reasonable number of depositions for appropriate reasons.

11

With respect to the contention that there was no need for cross-defendants to be represented by different counsel, Tarsadia and the Association are entirely separate legal entities that faced different factual allegations, theories of liability, risk exposure, and potential conflicts. (See *Salameh I*.) For instance, the Association, including the individually sued board members who were employees of the hotel developer, might have asserted indemnity claims against one or more of the Tarsadia cross-defendants. The trial court could reasonably conclude that Tarsadia and the Association required the services of different law firms to represent their distinct interests.

Third, cross-complainants argue that the trial court did not sufficiently scrutinize counsel's hourly rates, highlighting that Cox, Castle & Nicholson charged higher rates than Lewis Brisbois. The argument is forfeited because cross-complainants did not previously challenge counsel's hourly rates. In any event, the argument fails on its merits. A reasonable hourly rate is derived from the market value of the attorney's services, regardless of whether the attorneys claiming fees " ' " charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel." ' " (*Center For Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 619.) The lead partner at Cox, Castle & Nicholson declared that his firm's rates were consistent with those charged in the marketplace and that Tarsadia had paid his firm's bills throughout the three-year litigation. Lewis Brisbois charged arguably below-market, discounted rates—i.e., its contractually negotiated rates with the Association's insurer. Tellingly, cross-complainants presented no alternative evidence of market rates. The court did not abuse

12

its discretion by relying on the unrebutted declarations of cross-defendants' attorneys.

In summary, cross-complainants have not persuaded us that the trial court's decision was clearly wrong. Cross-defendants presented ample evidence of the work that their attorneys performed in defending against the prospect of a $64 million judgment. Counsel submitted detailed daily time entries for more than three years of litigation, accompanied by declarations explaining how the entries were prepared, reviewed, and invoiced to their clients. Cross-complainants have not shown that the fee awards are excessive or exceed the bounds of reason. (*Peak-Las Positas Partners v. Bollag* (2009) 172 Cal.App.4th 101, 114.)

## DISPOSITION

The judgment and order granting cross-defendants' motions for attorney fees are affirmed. Cross-defendants are entitled to recover costs on appeal.

AARON, J.

WE CONCUR:

O'ROURKE, Acting P. J.

PRAGER, J.*

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13