Filed 11/21/24  Hernandez v. Sunnova Energy Corp. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SILVIA HERNANDEZ, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SUNNOVA ENERGY CORP., <br><br> Defendant and Appellant. | D083558 <br><br><br> (Super. Ct. No. 37-2020-00017926-CU-BT-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

ElGuindy, Meyer & Koegel, Benjamin D. Koegel and W. Patrick Cronican for Defendant and Appellant.

Golden & Cardona-Loya and Octavio Cardona-Loya II for Plaintiff and Respondent.

## MEMORANDUM OPINION[1]

Defendant Sunnova Energy Corp. (Sunnova) appeals a judgment granting Silvia Hernandez's motion to enforce a settlement agreement with

---

1    This case is appropriate for resolution by memorandum opinion because it raises "no substantial issues of law or fact."  (Cal. Stds. Jud. Admin., § 8.1; see *People v. Garcia* (2002) 97 Cal.App.4th 847.)

Sunnova and its codefendant Infinity Energy, Inc. (Infinity). Because the record does not reflect that Sunnova opposed entry of the judgment, Sunnova has forfeited its arguments on appeal. Accordingly, we affirm.

In 2020, Hernandez filed a lawsuit against Sunnova and Infinity for events arising out of a dispute involving the installation and financing of a solar energy system at her home. In 2023, the parties entered into a written settlement agreement (the Agreement). The Agreement provided in relevant part that "Infinity shall remit to [Hernandez] the sum of thirty-seven thousand five-hundred dollars ($37,500.00)." It further provided that Sunnova could seek indemnity against Infinity, and that the trial court would retain jurisdiction to enforce the Agreement pursuant to Code of Civil Procedure section 664.6,[2] and, upon motion, could "enter judgment pursuant to the terms of this settlement Agreement."

On November 6, 2023, Hernandez filed an ex parte application to enforce the Agreement and enter judgment against Sunnova and Infinity. The application included a "[Proposed] Judgment" awarding Hernandez $37,500 "as against Defendants Sunnova Energy Corp. and Infinity Energy, Inc., jointly and severally." Neither defendant filed an opposition to the motion. The court's minute order reflects that attorney W. Patrick Cronican appeared on behalf of both defendants, and that after hearing from counsel, the court granted the motion and thereafter signed the [Proposed] Judgment (the Judgment). Hernandez filed and served the Notice of Entry of the Judgment on November 8, 2023.

On January 3, 2024, Sunnova filed an ex parte motion to amend the Judgment, arguing that the Judgment should not have included Sunnova in

---

2    Further unspecified statutory references are to the Code of Civil Procedure.

the joint and several award. The court heard the motion the next day and denied it without prejudice and to be heard as a noticed motion on February 16, 2024. However, Sunnova filed its notice of appeal of the Judgment on January 8, 2024, and the appeal precluded the trial court from conducting further proceedings as to the Judgment.[3] (See §916, subd. (a) ["perfecting . . . an appeal stays proceedings in the trial court upon the judgment or order appealed from"].)

It is a "well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) On appeal, we generally do not consider claims that could have been made but were not presented to the trial court. (See *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 [" '[W]e ignore arguments, authority, and facts not presented and litigated in the trial court. Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived.' "].) "The failure to make a timely and specific objection on the ground asserted on appeal forfeits the issue on appeal." (*People v. McDonough* (2011) 196 Cal.App.4th 1472, 1488.)

For example, in *Cabatit v. Sunnova Energy Corp.* (2020) 60 Cal.App.5th 317 (*Cabatit*), the appellate court noted that Sunnova had failed to argue in the trial court that an arbitrator should decide whether an arbitration clause was enforceable, either in its moving papers or at the hearing on the motion,

---

[3]     Sunnova has filed a motion to augment the record to include a tentative ruling of the trial court dated February 16, 2024. Because the trial court's proceedings were stayed after the notice of appeal had been filed on January 8, 2024, we deny the motion to augment.

and therefore the court deemed that Sunnova had forfeited consideration of the argument on appeal. (*Id*. at p. 322.)[4]

Here, Sunnova has not shown that it raised any issues about the Judgment in the trial court prior to the entry of the Judgment from which it now appeals. The record does not include any written opposition to the motion to enforce the Agreement, nor does it include a reporter's transcript showing that Sunnova had argued the issue at the hearing. In its reply brief, Sunnova asserts that it appeared at the hearing "and presented oral argument in opposition of the same," but the only support for this assertion is the notation in the trial court's minute order stating that the court "heard from counsel" prior to granting the motion and issuing the Judgment. This falls far short of demonstrating that Sunnova had opposed the motion on any ground, much less on the ground asserted in this appeal. (See *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 ["Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]."].) Moreover, the lack of reporter's transcript also precludes this court from considering any reasoning the trial court may have given in response to any arguments Sunnova did in fact raise. (See, e.g., *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186 ["In numerous situations appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided."].)

---

4  Interestingly, the court in *Cabatit* stated that, "Like the parties, we treat Sunnova Energy Corporation and Infinity Energy, Inc., as the same entity for purposes of this opinion, and refer to them collectively as Sunnova." (*Cabatit, supra,* 60 Cal.App.5th at p. 320, fn. 1.) In the instant case, the same counsel represented both defendants for much of the proceedings in the trial court.

Sunnova argues that after the Judgment had been entered, it "undertook significant efforts to have the trial court address its erroneous entry of judgment" by filing an ex parte application to amend the Judgment and a noticed motion, raising its objections.[5]  The ex parte request was filed and denied without prejudice just days before Sunnova filed its notice of appeal.  These belated efforts do not cure Sunnova's failure to demonstrate that it objected in the trial court before entry of the Judgment it now appeals from, either on the basis it now presents on appeal, or on any basis.  Accordingly, Sunnova has forfeited the argument on appeal.

DISPOSITION

The Judgment is affirmed.  Hernandez is awarded her costs on appeal.

KELETY, Acting P. J.

WE CONCUR:

CASTILLO, J.

RUBIN, J.

---

[5]  What Sunnova did not do was to file a timely motion for reconsideration, which would have extended its time to appeal.  (See § 1008; California Rule of Court, rule 8.108(e).)