Filed 4/9/25  Lorenz v. Cohen CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| AUTUMN LORENZ,<br><br>　　　Cross-complainant and Respondent,<br><br>　　　　　v.<br><br>JOANNA COHEN et al.,<br><br>　　　Cross-defendants and Appellants. | B331113<br><br>(Los Angeles County Super. Ct. No. 20STCV38707) |

　　　APPEAL from orders of the Superior Court of Los Angeles County.  Gail Killefer, Judge.  Affirmed.

　　　Law Offices of Rosenberg and Rosenberg, Zachary Rosenberg and Jeremy Rosenberg, for Cross-defendants and Appellants.

　　　James M. Tillipman for Cross-complainant and Respondent.

————————————

Joanna Cohen and Jeremy Rosenberg appeal from the trial court's orders taking off calendar their motion for summary adjudication of issues in a cross-complaint and accepting the voluntary dismissal of the operative cross-complaint. We affirm the orders.

## FACTUAL AND PROCEDURAL BACKGROUND

After a dispute arose over their adoption of a mini pig as a support animal, tenants Cohen and Rosenberg sued the owner of the rental property, Autumn Lorenz. Lorenz filed a cross-complaint against Cohen and Rosenberg, alleging 1) they breached their lease by keeping the mini pig, and 2) they committed other torts.

In August 2022, the trial court denied Cohen and Rosenberg's motion for summary judgment on the operative cross-complaint on the ground that there existed triable issues of material fact. The court also denied appellants' motion for reconsideration of the summary judgment ruling.

On March 30, 2023, Cohen and Rosenberg filed a motion for summary adjudication "of whether a landlord-tenant relationship gives rise to a duty of a tenant to safeguard the landlord's emotional well-being concerning matters of lease obligations, property damage and/or financial interests." The hearing on the motion was set for June 28, 2023.

In May 2023, Lorenz's counsel and Cohen's counsel of record agreed to settle the operative cross-complaint with a settlement as to Cohen and Rosenberg. Around June 20, 2023, Lorenz's counsel received a draft of a settlement agreement and after some amendments, Lorenz signed the settlement agreement on June 22 or 23, 2023.

Among other provisions, the settlement and release provided that because the parties to the cross-complaint "desire[d] to compromise, settle and otherwise resolve all of their disputes with one another as it relates to the Civil Cross-Action, including but not limited to all claims Ms. Lorenz may have against Ms. Cohen and Mr. Rosenberg for injuries, damages and/or losses Ms. Lorenz sustained as a result of the incidents set forth in her Third Amended Cross-Complaint," USAA Casualty Insurance Company would pay Lorenz $60,000. It also provided, "Within ten (10) days after receipt of the settlement funds . . . , Ms. Lorenz shall file in the Civil Action, a Request for Dismissal of the Third Amended Cross-Complaint, with prejudice, of all claims Ms. Lorenz asserted against Ms. Cohen and Mr. Rosenberg." Each party was responsible for their own attorney fees and costs related to the cross-complaint.

On June 26, 2023, Lorenz filed a request for dismissal of the cross-complaint with prejudice, and the dismissal was entered that day. Also on June 26, 2023, Lorenz notified the court of the settlement of the cross-complaint and requested the court vacate the upcoming June 28 hearing on the pending summary adjudication motion on the cross-complaint in light of the request for dismissal.

Cohen and Rosenberg objected to the request to vacate the hearing on the motion for summary adjudication on the following grounds: (1) the first line of Lorenz's document notifying the court of the settlement and requesting the hearing be taken off-calendar began with the phrase "TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD," and therefore failed to "address this honorable Court"; (2) the document inaccurately referred to Cohen as "Joanna C. Cohen" when her middle name

3

begins with an "E"; and (3) Lorenz acted in bad faith and breached the terms of the settlement and release by filing her request for dismissal before she received the settlement funds in an attempt to prevent Cohen and Rosenberg from obtaining a decision on their motion for summary adjudication.

The trial court took the summary adjudication motion off calendar. In its written ruling, the court acknowledged that the right to dismiss a complaint or cause of action prior to the commencement of trial was not unlimited, and that one such limit was whether permitting dismissal would be fair or would endorse dishonest litigation tactics. The court rejected the argument that the filing of the request for dismissal breached the release and observed that the parties did not negotiate that the request for dismissal would not be filed until after the court ruled on the motion for summary adjudication.

The court explained, "Cross-Defendants are correct that the central issue here is one of fairness. The parties agreed to settle the cross-complaint. As part of that agreement, Cross-Complainant Lorenz agreed to dismiss the cross-complaint. That she has done. There is no evidence that Cross-Complainant Lorenz's dismissal of the cross-complaint was motivated by anything other than the belief that the dismissal was a term of the settlement, and that the summary judgment motion was, in essence, moot. She dismissed the cross-complaint to end, not to continue, the litigation." Accepting the voluntary dismissal, the court concluded it lacked jurisdiction to rule on the motion for summary adjudication because the cross-complaint had been dismissed.

Cohen and Rosenberg appeal.

4

# DISCUSSION

## I.    *Breach of the Release*

Cohen and Rosenberg argue it was a "blatant violation" of the settlement and release for Lorenz to file her request for dismissal, and that the trial court erred in finding otherwise. Interpreting the provision requiring Lorenz to file a request for dismissal of the cross-complaint within 10 days after receiving the settlement funds as a bar precluding her from filing the request for dismissal any sooner, they accuse the trial court of "improperly impos[ing] specific language that it found more appropriate rather than reading the explicit language of the release" and applying established principles of contract interpretation.

When interpreting a written agreement, "[t]he threshold question for trial and appellate courts is whether the writing is ambiguous—that is, reasonably susceptible to more than one interpretation. [Citations.] Whether a contract is ambiguous at this initial step of analysis presents a question of law subject to independent review on appeal." (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 986 (*Thompson*).) " ' "The fundamental goal of contract interpretation" ' remains ' "to give effect to the mutual intention of the parties" ' [citations], not to conjure up creative interpretations for provisions. Because we enforce the ' " 'outward expression of the agreement,' " ' we ' "are not concerned as much with what the parties might tell us they meant by the words they used as with how a reasonable person would interpret those words." ' " (*Mondragon v. Sunrun Inc.* (2024) 101 Cal.App.5th 592, 615.)

The settlement and release does not state that Lorenz was not permitted to file a request for dismissal before receiving

5

settlement funds or before pending motions had been heard and decided.  Rather, it sets an outer limit on the time for her to file that request for dismissal: 10 days after the date she received the settlement funds.  As Lorenz filed the request for dismissal before she received the settlement funds, she unquestionably complied with her obligation to dismiss the cross-complaint before that deadline.  As for appellants' contention that the plain language of the settlement and release actually meant Lorenz was not permitted to request dismissal of her cross-complaint prior to receiving funds, a reasonable person would not interpret this settlement and release, *the entire point of which was to result in dismissal of the cross-complaint*, to instead prevent Lorenz from dismissing the cross-complaint until some future date.  As the provision is not reasonably susceptible to the interpretation urged by appellants, there is no ambiguity here.  (*Thompson*, *supra*, 6 Cal.App.5th at p. 987 ["If there is no ambiguity—that is, the language is reasonably susceptible to only one interpretation—our inquiry into meaning has been completed and the one reasonable interpretation applies to the facts"].)  On our independent review, we conclude the trial court correctly ruled that Lorenz did not breach the settlement and release by moving promptly to dismiss the cross-complaint.

II.    *Invalidity of the Dismissal*

Cohen and Rosenberg argue the dismissal of the cross-complaint was invalid under Code of Civil Procedure[1] section 581, subdivision (i), because their motion for summary adjudication was pending at the time of the dismissal.  They contend the trial

---

[1]    Further undesignated statutory references are to the Code of Civil Procedure.

6

court failed to consider the "implications of [s]ection 581(i), despite the issue being explicitly highlighted in Appellants' objections and supplemental briefing." We have reviewed the pages of the clerk's transcript and augmented transcript to which appellants refer, and we find no indication they mentioned section 581, subdivision (i) in the trial court, much less that they argued the dismissal was invalid for violating that provision. "[T]o preserve an issue for appeal, a party ordinarily must raise the objection in the trial court. [Citation.] 'The rule that contentions not raised in the trial court will not be considered on appeal is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law.' [Citations.] Otherwise, opposing parties and trial courts would be deprived of opportunities to correct alleged errors, and parties and appellate courts would be required to deplete costly resources 'to address purported errors which could have been rectified in the trial court had an objection been made.' [Citation.] In addition, it is inappropriate to allow any party to 'trifle with the courts by standing silently by, thus permitting the proceedings to reach a conclusion in which the party could acquiesce if favorable and avoid if unfavorable.' " (*In re S.C.* (2006) 138 Cal.App.4th 396, 406.) As noncompliance with section 581, subdivision (i) was not raised in the trial court, appellants' argument that the dismissal was invalid pursuant to that provision has been forfeited.

III.   ***Failure to Correct Prior Ruling Before Dismissal***

Cohen and Rosenberg argue the trial court had an obligation to "correct" what they describe as "egregious substantive and procedural errors" in its August 2022 ruling on their motion for summary judgment of the cross-complaint before

7

the court could entertain the request for dismissal of the complaint in June 2023. They argue that because they had "made the court aware" of alleged errors in the prior year's summary judgment ruling, the court had "**its own duty to correct these critical errors before validating Respondent's dismissal.**"

Cohen and Rosenberg provide no legal authority for the principle that a trial court must review and "correct" earlier rulings one party argues are erroneous before permitting another party to dismiss a cross-complaint, nor can we conceive of any such duty. They offer some general language about core judicial functions from *Case v. Lazben Financial Co.* (2002) 99 Cal.App.4th 172, 184, but they fail to explain how the functions of ensuring the orderly and effective administration of justice and declaring the law could possibly require trial courts to perform a review of any or all prior contested rulings before dismissing a cross-complaint that has been settled.

Moreover, Cohen and Rosenberg have not identified where in the record they requested the trial court to review its prior rulings prior to permitting dismissal of the cross-complaint, and we found no such request in our review. "Failure to raise specific challenges in the trial court forfeits the claim on appeal. ' " '[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court.' Thus, 'we ignore arguments, authority, and facts not presented and litigated in the trial court. Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived.' " ' " (*Premier Medical Management Systems, Inc. v. California Ins.*

8

*Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 (*Premier Medical*).)

IV. ***Inevitable Summary Adjudication***

Citing *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187 (*Franklin Capital*), Cohen and Rosenberg assert the court erred in dismissing the cross-complaint because a plaintiff may not dismiss a complaint when a ruling on a summary adjudication motion is imminent and "objective evidence clearly indicates inherent, fatal flaws in the case's merits." Appellants did not make this argument in the trial court, and it has therefore been forfeited. (*Premier Medical*, *supra*, 163 Cal.App.4th at p. 564.)

Even if it had not been forfeited, the argument lacks merit. The dismissal was not sought after a public and formal indication by the trial court of the legal merits of the case or in light of a legal inevitability of dismissal based on "dispositive procedural inaction by the plaintiff (like not filing opposition to a summary judgment motion or not bringing the case to trial in five years)" as required by *Franklin Capital, supra*, 148 Cal.App.4th at pages 200–201. Appellants offer no support for their claims that Lorenz's apparent failure to file an expert witness designation, the absence of sufficient evidence to prevail at trial, and multiple amendments of the cross-complaint constitute the type of "dispositive procedural inaction" contemplated by *Franklin Capital*. Similarly, appellants contend that ultimately Lorenz would not be able to prove causation, and that the court's "conclusive judgments" at the demurrer stage of the litigation show that Lorenz's claims "strain[] credulity." Nevertheless, they do not establish that the court made a public and formal indication that the case lacked legal merit, or that these alleged

failings are "dispositive procedural inaction[s]" of the sort required by *Franklin Capital*. (*Ibid*.)

Additionally, Cohen and Rosenberg argue the fact that Lorenz signed the settlement and release after they filed their reply brief on the motion for summary adjudication "suggests a last-ditch effort to avoid legal scrutiny," but again, they offer no argument or authority to show that this timing meets *Franklin Capital*'s requirement of a public and formal indication by the trial court of the case's legal merits or demonstrates a legal inevitability of dismissal based on dispositive procedural inaction. (*Franklin Capital, supra*, 148 Cal.App.4th at pp. 200–201.) Finally, *Franklin Capital* does not address or offer guidance for the situation here, in which the challenged dismissal was required by, and sought to effectuate, a settlement.

## V.  **Alleged "*Unsustainable Factual and Legal Errors*" by the Trial Court**

Cohen and Rosenberg argue the trial court overlooked Lorenz's "ulterior motives," misinterpreted the settlement and release, and disregarded both the ripeness of the hearing on the motion for summary judgment and their fairness concerns in its ruling. First, they take issue with the trial court's statement in its ruling, "There is no evidence that Cross-Complainant Lorenz's dismissal of the cross-complaint was motivated by anything other than the belief that the dismissal was a term of the settlement, and that the summary judgment motion was, in essence, moot. She dismissed the cross-complaint to end, not to continue, the litigation." Appellants claim the court based its order on "unsupported assertions that 'no evidence' contradicted" Lorenz's description of her intentions in filing the dismissal, and then list five items of what they consider "strong evidence" about Lorenz's

10

ulterior motives that "went unaddressed by the trial court": "(1) the dismissal's timing; (2) Respondent's awareness of Appellants' preservation of potential future claims; (3) the court's new exposure to the absence of experts; (4) the violation of the release's plain wording; and (5) Respondent's disregard for Appellants' objections that memorialized Appellants' intent for the [motion for summary adjudication] to be heard."

We review factual findings by the trial court for substantial evidence.  (*Cole v. Hammond* (2019) 37 Cal.App.5th 912, 921.) Cohen and Rosenberg's argument that their contrary evidence was "unaddressed" is insufficient to demonstrate that the ruling was not supported by substantial evidence, as is their contention that there was evidence contradicting Lorenz's claim she acted in good faith.  On a substantial evidence review, " ' "[i]t is not our task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact." ' "  (*Estate of Kampen* (2011) 201 Cal.App.4th 971, 992; see also *Canister v. Emergency Ambulance Service, Inc.* (2008) 160 Cal.App.4th 388, 394 ["We look at the evidence in support of the successful party, disregarding any contrary showing, and we resolve all conflicts in favor of the respondent, indulging in all legitimate and reasonable inferences to uphold the verdict if possible.  [Citation.] When two or more inferences can reasonably be deduced from the facts, we do not substitute our deductions for those of the finder of fact.  [Citation.]  We must affirm if substantial evidence supports the trier of fact's determination, even if other substantial evidence would have supported a different result"].)

Next, Cohen and Rosenberg assert that Lorenz could not have "honestly believed" dismissing the cross-complaint before the hearing on the motion for summary judgment was "an

11

agreed-upon 'settlement' term," because they had "explicitly rejected that possible assumption in their objections" to Lorenz's request that the motion be taken off calendar, which Lorenz submitted to the court before she filed her request for dismissal. Appellants' assertion is supported by a citation to approximately 20 pages in the record, with no further argument as to how this demonstrates any error in the court's conclusion. This is insufficient to establish error. "To demonstrate error, the appellant must present a cogent argument supported by legal analysis and relevant citations to the record." (*Slone v. El Centro Regional Medical Center* (2024) 106 Cal.App.5th 1160, 1172.)

Cohen and Rosenberg then assert the trial court made "three egregious factual errors" in stating that the parties had agreed to settle the cross-complaint: the court used the word "unconditional" in describing the release, the release did not release their rights to future claims, and they intended to preserve their rights to potential future claims, not to settle them. This argument is unavailing. It does not demonstrate the court erred in ruling that Lorenz acted in good faith and/or had not been shown to have acted in bad faith. Additionally, the court made no such errors. It did not describe anything as "unconditional"—it merely described a pleading as explaining Lorenz had entered into an unconditional settlement agreement; and it did not make findings that Cohen and Rosenberg released their rights to future claims or did not intend to preserve those rights.

Cohen and Rosenberg also take issue with the trial court's statement that the settlement "could have included a negotiation as to when Cross-Complainant Lorenz could first file a request for dismissal." They claim the court made "*inexplicable*

12

assumptions" about the negotiations, but their assertion rests on their interpretation of the release as expressly preventing Lorenz from filing the request for dismissal until she received settlement funds, an interpretation we have already rejected.

Finally, Cohen and Rosenberg assert the court's order "raises concerns about the lack of fair consideration given" and lists a series of what it characterizes as things the trial court disregarded, omitted, or failed to consider: their assessment of what Lorenz was attempting to achieve, Lorenz's bad faith, how dismissing the cross-complaint pursuant to the settlement and release denied appellants their rights, the absence of any harm to Lorenz to justify preempting a tentative ruling on the motion for summary adjudication, and the "ill-gotten gain" accruing to Lorenz by her dismissal of the cross-complaint after settlement, resulting in the absence of a ruling on their motion for summary adjudication. Their argument boils down to a simple disagreement with the trial court's factual determination that Lorenz had acted in good faith. Its rejection of Cohen and Rosenberg's argument that the dismissal should be vacated because Lorenz had acted in bad faith does not demonstrate any disregard, omission, or failure to consider their claims. Cohen and Rosenberg have shown no error.

## DISPOSITION

The orders are affirmed.  Respondent shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                        STRATTON, P. J.

We concur:



GRIMES, J.



SEGAL, J.*

---

\*      Associate Justice of the California Court of Appeal, Second Appellate District, Division Seven, assigned to Division Eight by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14